## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS ANDERSON,　　　　　) | |
| 　　　　　　　　　　　　　　) | |
| 　　　　　Plaintiff,　　　　　) | |
| 　　　　　　　　　　　　　　) | |
| v.　　　　　　　　　　　　　) | **Case No. 16-2739-CM-GEB** |
| 　　　　　　　　　　　　　　) | |
| PAR ELECTRICAL　　　　　　) | |
| CONTRACTORS, INC.,　　　　　) | |
| 　　　　　　　　　　　　　　) | |
| 　　　　　Defendant.　　　　　) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Amend his Complaint (**ECF No. 13**).   For the reasons set forth below, Plaintiff's motion is **GRANTED**.

## I.　　Background[1]

### A.　　Nature of the Case

On August 18, 2014, plaintiff Thomas Anderson was working as an employee for defendant PAR Electrical Contractors, Inc. ("PAR") when he was injured by an electrical shock from an overhead power line.   Plaintiff claims that at the time of the accident, he was observing company polices and being supervised by PAR's foreman.   The cause of the shock is unknown, but as a result of the accident, Plaintiff suffered severe injuries.

---

[1] The information recited in this section is taken from the pleadings (Notice of Removal, ECF No. 1; Proposed Am. Compl., ECF No. 13, Ex. 1), and from the briefs regarding Plaintiff's Motion to Amend (ECF Nos. 13, 15, 17).  This background information should not be construed as judicial findings or factual determinations.

Nine days after his injury, PAR terminated Plaintiff's employment, contending he failed to follow unspecified safety rules.

### B.        Procedural Posture

Plaintiff filed a lawsuit against PAR on August 3, 2016, in the Douglas County District Court to recover damages, claiming PAR was strictly liable and/or its negligence caused his injuries.  Defendant removed the case to this Court on October 28, 2016 (ECF No. 1) and filed its Answer to the Petition (ECF No. 6).  However, prior to the Fed. R. Civ. P. 16 scheduling conference, Defendant filed a Motion for Summary Judgment (ECF No. 8) and discovery was stayed pending resolution of the dispositive motion (ECF No. 14).  In its dispositive motion, Defendant contends Plaintiff's sole remedy is a claim for workers compensation benefits, and therefore PAR is immune from civil liability under the Kansas Workers Compensation laws.  Soon after Defendant filed its dispositive motion, Plaintiff filed his Motion to Amend the Complaint (ECF No. 13), seeking to add a claim for retaliatory discharge arising out of the same accident on August 18, 2014.

Following the filing of both motions, U.S. District Judge Carlos Murguia denied the motion for summary judgment without prejudice and without considering the merits of the motion pending resolution of the motion to amend (Order, ECF No. 18). Defendant opposes the amendment (ECF No. 15), all related briefing is complete, and the issue is now ripe for decision.

## II.     Motion to Amend (ECF No. 13)

### A.     Legal Standard for Amendment

The standard for permitting a party to amend his or her complaint is well established.  A party may amend its pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.  However, in cases such as this, where the time to amend as a matter of course has passed, without the opposing party's consent a party may amend his pleading only by leave of the court under Rule 15(a)(2).

Rule 15(a)(2) provides leave "shall be freely given when justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[2]  The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[3]  In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[4]  The Tenth Circuit acknowledged that Rule 15 is intended "to provide litigants 'the

---

[2] *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[3] *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc*., No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013) report and recommendation adopted, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[4] *Hinkle v. Mid-Continent Cas. Co*., No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[5]

### B.    Discussion

Plaintiff seeks to add a wrongful discharge claim to his Complaint based upon his termination of employment on August 27, 2014—only nine days after his accident.  He claims although he was terminated for violating unspecified safety rules, Defendant's reasoning was pretext.  He claims he was actually terminated due to his injury and impending workers compensation claim.  Plaintiff argues the addition of the claim would not cause undue prejudice to Defendant because no discovery has occurred.

Of the factors analyzed by the Court when considering amendment, Defendant opposes Plaintiff's amendment on two grounds:  first, on the on the basis of futility; and second, on the basis of untimeliness.  Defendant first argues Plaintiff's claim for wrongful discharge is barred by the two-year statute of limitations in K.S.A. § 60-513, and may not "relate back" under Fed. R. Civ. P. 15(c)(1)(B). Defendant also generally contends Plaintiff was "well aware" of his termination at the filing of his original Petition, and has made no showing why the wrongful termination claim was not included earlier.   Plaintiff disputes the futility claim, and argues Defendant would suffer no prejudice by the addition of the termination claim.  Each argument raised by the parties is addressed in turn.

---

[5] *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010) (citing *Minter*, 451 F.3d at 1204) (quoting *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

1.      **Futility**

As the party opposing amendment, Defendant bears the burden of establishing its futility.[6]  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[7]  The proposed pleading is then analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  When utilizing this standard, "the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[8]  Only if the court finds "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face or the claims otherwise fail as a matter of law"[9] should the court find the amendment futile. Some courts in the District of Kansas have analyzed statute of limitations issues when determining futility of amendment.[10]

Defendant argues Plaintiff's proposed amendment is futile because the relevant statute of limitations, K.S.A. § 60-513, bars Plaintiff's wrongful termination claim.  The

---

[6] *Neonatal Prod. Grp., Inc. v. Shields*, No. 13-2601-DDC-KGS, 2015 WL 1957782, at *2 (citing *Boykin v. CFS Enter., Inc.,* No. 08–2249–CM–GLR, 2008 WL 4534400, at *1 (D. Kan. Oct. 6, 2008)).

[7] *Farmers Bank & Trust, N.A. v. Witthuhn*, No. 11-2011-JAR, 2011 WL 5920941, at *2 (D. Kan. Nov. 28, 2011) (citing *Jefferson Cnty. Sch. Dist. No. R–1 v. Moody's Investors's Servs., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999)); *see also Neonatal Prod. Grp.*, 2015 WL 1957782, at *2 (internal citations omitted).

[8] *Carefusion*, 2010 WL 4004874, at *5 (citing *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007) (internal citations omitted)).

[9] *Id.* (citing *Raytheon Aircraft Co. v. U.S.,* 501 F. Supp. 2d 1323, 1327 (D. Kan. 2007); *see also Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

[10] *Price v. McKee*, No. 12-1432-CM-DJW, 2013 WL 3388905, at *2 (D. Kan. July 8, 2013) (citing *Cook v. Olathe Health Sys., Inc.,* No. 10–CV–2133–KHV–DJW, 2010 WL 5479686, at *2 (D. Kan. Dec. 30, 2010), and *Lewis v. Wheeles,* No. 08–4025–JAR, 2008 WL 2944903, at *1–2 (D. Kan. July 28, 2008) (each denying a motion to amend complaint as futile because the proposed claim would be barred by the applicable statute of limitations)).

statute requires an action for "injury to the rights of another" to be filed within two years of the date of injury.[11]  Plaintiff's employment was terminated on August 27, 2014, and because his motion to amend the Complaint was not filed until December 19, 2016, Defendant argues the limitations period for the employment claim had expired. However, Defendant specifically recognizes that under Fed. R. Civ. P. 15(c)(1)(B), an amendment may relate back to the date of the original pleading.[12]

The "relation back" clause of Rule 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that *arose out of* the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[13]  This provision is intended to give the defendant "fair notice that the litigation is arising out of a specific factual situation."[14]  An amended pleading does not relate back to a previous pleading unless the earlier pleading fairly gave the defendant notice of the later-asserted claim.[15]  "When an amendment is based on different facts, transactions, and occurrences, a claim in an amended pleading will not relate back."[16]

In its brief analysis of Rule 15's "relation back" clause, Defendant contends it is inapplicable to Plaintiff's termination claim.  Defendant argues the termination claim is based on a different legal theory from the one claimed in Plaintiff's original Petition, and

---

[11] K.S.A. § 60-513(a)(4).
[12] Def.'s Opp., ECF No. 15, at 1.
[13] Fed. R. Civ. P. 15(c)(1)(B) (emphasis added).
[14] *Price*, 2013 WL 3388905, at *4 (citing *Reed v. Entercom Commc'ns Corp.,* No. 04–2603–CM, 2006 WL 1174023, at *1 (D. Kan. Apr.28, 2006)).
[15] *Id.*
[16] *Id.*

arises from a separate set of circumstances occurring on a different date.  Defendant cites no authority for its position.

Plaintiff does not dispute the applicable limitations period, but contends his termination claim stems from the same set of facts as his negligence claim:  his on-the-job injury.  Had Plaintiff not been injured, neither his damages claim nor his termination claim would have occurred.  Plaintiff provides excerpts from PAR's corporate claims manager's deposition in the workers compensation case to support his theory that Defendant terminated him in order to obtain an "OSHA override" and keep the injury from affecting the company's safety ratings with its employers. (Pl.'s Reply, ECF No. 17, at 4, Ex.1.)

To support his request for amendment, Plaintiff cites to distinguishable but persuasive authority from the Tenth Circuit Court of Appeals.  In *Williams v. Imhoff*,[17] the court interpreted "arising out of" in the context of the NASD[18] Arbitration Code when deciding whether the terminated securities exchange employees' claims were subject to mandatory arbitration.  In *Williams*, among multiple questions before the court was the issue of whether the employees' ERISA[19] claims "arose out of" their employment or termination, as required for their claims to be subject to mandatory arbitration.[20]  The Circuit found the phrase "arising out of" "must be broadly construed to mean 'originating

---

[17] 203 F.3d 758 (10th Cir. 2000).
[18] "NASD" represents the National Association of Securities Dealers.
[19] "ERISA" stands for the Employee Retirement Income Security Act.
[20] *Williams*, 203 F.3d at 765.

from,' 'growing out of,' or 'flowing from.'"[21]   One case cited by the Circuit explained the phrase "arising out of" simply "broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship."[22] While collecting other cases from various courts and secondary sources, the Circuit noted, "Although these cases are obviously not on point, we find them useful because they adopt a broad construction of the phrase "arising out of," similar to the broad construction we must give to arbitration agreements subject to the [Federal Arbitration Act]."[23]

Courts in this district have addressed the "relation back" of new claims in the context of motions to amend.[24]   In one such case, *Acker v. Burlington N. & Santa Fe R. Co.*,[25] plaintiffs sought monetary relief for property damage resulting from flooding they claimed was cause by the railroad.   Their initial claim was for negligence, but plaintiffs sought to amend the complaint to include causes of action for trespass, nuisance, unlawful taking and strict liability.   The court analyzed whether the new claims related back to the original complaint, and allowed the amendment of some new claims but denied amendment of others.   In doing so, the court examined the temporal proximity of the new facts to be added, and whether the scope and nature of the case was radically altered by the addition of the new claims.   The court held,

---

[21] *Id.*
[22] *Id.* (citing *Acceptance Ins. Co. v. Syufy Enterprises,* 69 Cal.App.4th 321 (1999)).
[23] *Id.*
[24] *See, e.g.*, *Acker v. Burlington N. & Santa Fe R. Co.*, 215 F.R.D. 645, 651 (D. Kan. 2003); *Philippine Am. Life Ins. v. Raytheon Aircraft Co.*, 252 F. Supp. 2d 1138 (D. Kan. 2003).
[25] 215 F.R.D. 645, 651 (D. Kan. 2003).

> a claim adding new factual allegations relates back to the original complaint where a sufficiently close relationship exists between the original and the new claims. In such a case, the allegations all relate to the same occurrence, out of which the litigation arose, and Rule 15(c)'s crucial notice requirement is met. In this regard, the temporal proximity of the facts is relevant, although not always dispositive.[26]

Finding "virtually no temporal proximity between" the initial claim, and the new claims relating to the railroad's design and construction of the bridge, track and surrounding structures—since many years passed between construction and the flooding—the court denied the "relation back" of those claims.[27]

Here, despite the factual differences between the electric shock and the termination itself, the temporal proximity between Plaintiff's on-the-job injury and his termination is significant—a mere nine days separate the two events.  Additionally, more than an "incidental relationship"[28] exists between the accident and the termination—enough to have provided notice to Defendant that a termination claim could occur.  Much as the Tenth Circuit gave "broad construction" to the "arising under" phrase in *Williams*,[29] this Court is obliged to "freely give leave [to amend] as justice so requires."[30] Regardless of the new facts and conduct claimed in the proposed amended complaint,[31] the Court is satisfied that Plaintiff's termination flowed from the work accident and relation back of the termination claim should be allowed.

---

[26] *Acker*, 215 F.R.D. at 651.

[27] *Id*. at 651-52.

[28] *Williams*, 203 F.3d at 765 (citing *Acceptance Ins. Co. v. Syufy Enterprises,* 69 Cal. App. 4th 321 (1999)).

[29] *Id*. at 765-66.

[30] Fed. R. Civ. P. 15(a)(2).

[31] *See Acker*, 215 F.R.D. at 651.

### 2.    Timeliness and Prejudice

Although both parties address the issue of futility in their briefs, the other factors weighed by the Court were not so thoroughly addressed.   While Defendant claims the amendment is untimely, Plaintiff ignores the issue of timeliness.   Similarly, despite Plaintiff's claim that Defendant will suffer no prejudice from amendment, Defendant fails to present any argument regarding the prejudice it might face.   Despite the lack of attention to each, the Court must briefly address each topic.

As the party opposing the amendment, Defendant bears the burden to demonstrate undue prejudice within the meaning of Rule 15.[32] Under Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[33]  While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendants."[34]

Given Defendant's complete disregard of this "most important factor,"[35] the Court finds Defendant wholly failed to demonstrate prejudice sufficient to prohibit the proposed amendment.   Even if Defendant had addressed the issue, at this early stage of the case, the Court struggles to discern any injustice which would occur from adding the

---

[32] *Carefusion*, 2010 WL 4004874, at *4 (internal citations omitted).
[33] *Id*. (citing *U.S. v. Sturdevant,* No. 07–2233–KHV–DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (citing *Minter*, 451 F.3d at 1208; *Jones v. Wildgen,* 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004))).
[34] *Id*. (citing *Sturdevant,* 2008 WL 4198598, at *3; other internal citations omitted).
[35] *Minter*, 451 F.3d at 1207 (noting, "The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party.")

termination claim.  This case is in its infancy—no formal discovery has occurred, and no deadlines for amending pleadings or adding parties has been set.  Plaintiff reports the majority of discovery regarding the accident was already completed in the workers compensation action, and only minimal discovery will be necessary on the termination claim.

Additionally, the Court does not find the timeliness of the amendment rises to such an offensive level as to prohibit its filing.  Defendant claims the amendment is untimely because the facts have been known to Plaintiff for more than two years, and were known to Plaintiff well before the motion to amend was filed.  Although Plaintiff fails to address the issue, and the Court certainly does not encourage such a tactic or such a lengthy delay,[36] the current procedural posture of the case weighs in Plaintiff's favor.  Because the case has not yet proceeded to scheduling or discovery, the parties will have adequate time to conduct discovery and Defendant will have the opportunity to fully defend the new claim.

### C.     Conclusion

Due to the relation back of Plaintiff's proposed amendment and the clear lack of prejudice to Defendant, the Court in its discretion will allow Plaintiff to amend his claims.  Because the Court prefers the case to proceed on its full merits,[37] in the interests of justice the Court will permit filing of the Amended Complaint.

---

[36] *See Acker*, 215 F.R.D. at 654 (permitting an amended complaint, despite the motion to amend being filed more than two years after the initial complaint was filed).
[37] *See Hinkle*, 2012 WL 2581000, at *1 (citing *Koch*, 127 F.R.D. at 209).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend the Complaint (**ECF. 13**) is **GRANTED**.  Plaintiff shall file his Amended Complaint on or before **March 20, 2017**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 10th day of March, 2017.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge